Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 2953 | **DATE** | 1/24/2003 |
| **CASE TITLE** | Raymond Smith vs. St. James Hospital and Health Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Motion [10-1,2] is granted. Counts I, IV, V, VI and VIII are therefore dismissed. The lawsuit may proceed with the following counts: Counts II and III and VII. In addition, all claims for punitive damages are dismissed until further order of the Court.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: TSA

JAN 2 7 2003 date docketed

Document Number: 16

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND SMITH,                    )
                                  )
            Plaintiff,            )
                                  )    No. 02 C 2953
      v.                          )
                                  )    Wayne R. Andersen
ST. JAMES HOSPITAL AND            )    District Judge
HEALTH CENTERS                    )
                                  )
            Defendant.            )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendant, St. James Hospital and Health Centers, to strike and dismiss certain counts and certain prayers for relief from Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). For the following reasons, the defendant's motion is granted.

## BACKGROUND

Plaintiff alleges that St. James Hospital and Health Centers ("the Hospital") refused to provide medical services in violation of the Federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42. U.S.C. § 1395dd, Illinois' Emergency Medical Treatment Act, 210 ILCS 70/1, and Illinois' Hospital Emergency Service Act, 210 ILCS 80/1 (hereinafter collectively referred to as the "Illinois Acts). On October 9, 2000, Plaintiff sought emergency medical treatment at the Olympia Fields, IL medical facility of the Hospital ("the Facility"). When he arrived at the Facility, Plaintiff advised the defendant's personnel that he was experiencing, among other physical symptoms, chest pains, shortness of breath, and an overall feeling of discomfort. Plaintiff was placed in a wheel chair and was moved to another location within the

Facility. As he was being transported, defendant's personnel inquired as to whether Plaintiff had insurance. Plaintiff responded in the affirmative, but stated that he did not have his insurance card with him. Defendant's personnel then stated that Plaintiff must pay for the services with cash, which Plaintiff indicated he was unable to do. Defendant's personnel then turned the wheel chair around and transported Plaintiff back toward the entrance of the defendant's facility, where he was allowed to leave. No staff member of the Facility conducted a medical screening of Plaintiff.

Plaintiff then sought transportation to another medical facility and was immediately screened and treated for a myocardial infraction. This delay in treatment allegedly has caused unnecessary physical and emotional pain and has resulted in greater medical costs and lost potential earning capacity. Plaintiff has thus filed an eight-count complaint in this court alleging causes of action under federal and state law. Counts I and VI are for negligence, Counts II and VII are for negligence per se, Counts III and VII are for strict liability, Count IV is for intentional tort, and Count V is for punitive damages. Plaintiff seeks recovery for actual damages as well as punitive damages exceeding $500,000.

## STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. Weiler v. Household Fin. Corp., 101 F.3d 519, 524 n. 1 (7th Cir. 1996). When evaluating motions for dismissal pursuant to Rule 12(b)(6), the Court views all facts alleged in the complaint, as well as any reasonable inferences from those facts, in the light most favorable to the plaintiff. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992). Any ambiguities are likewise resolved in the plaintiff's favor. Dawson, 977 F.2d at 372. A complaint will not be dismissed for failure to state

a claim unless it appears beyond doubt that the plaintiff can prove no set of facts warranting relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

Rule 12(f) provides the court a means to remove material from a pleading that it finds "redundant, immaterial, impertinent, or scandalous" or defenses that it finds legally insufficient. The movant must clearly show that the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." 2-12 Moore's Federal Practice - Civil §§ 12.37. Generally, courts will strike a claim as "redundant" when it essentially repeats another claim in the same complaint. An allegation is "impertinent" or "immaterial" when it is neither responsive nor relevant to the issues involved in the action.

## DISCUSSION

### I. Motion to Dismiss Count IV

Count IV alleges that the defendant's refusal to provide the required medical screening examination was intentional and wrongful conduct in violation of EMTALA and the Illinois acts. Defendant moves to dismiss Count IV because there is no separate claim under Illinois or Federal law for the intentional tort of violating a statute.

Count IV, which seeks recovery for intentional violation of a statute, is redundant with Plaintiff's other allegations. It simply rephrases the negligence per se and strict liability claims as intentional torts. This is not enough. The mere addition of the word intentional to identical factual allegations utilized in other claims is insufficient to support a cause of action for an intentional tort. Holtz v. Amax Zinc Co., Inc. 165 Ill.App.3d 578,*584 , 519 N.E.2d 54,**58 (Ill.App. 5 Dist.,1988). The complaint as currently constituted does not provide adequate notice to the defendant because it is not clear from the complaint what intentional tort was committed. Count IV is therefore dismissed pursuant to Rule 12(b)(6).

## II. Motion to Dismiss Count VIII

Count VIII alleges that Illinois law imposes strict liability upon the defendant for its failure to provide needed emergency treatment. Defendant moves to strike and dismiss Count VIII because (1) Illinois does not consider the violation of a statute as negligence per se unless the legislature clearly intends to impose strict liability and (2) the Illinois Acts do not reflect such an intent. In response to the defendant's motion, Plaintiff seeks to amend Count VIII to reflect that EMTALA, rather than an Illinois statute, imposes strict liability for failure to conduct a medical screening. Count III of the complaint already claims that EMTALA imposes strict liability for failure to screen for emergency medical conditions; plaintiff's proposed amendment makes these counts redundant. Count VIII is dismissed pursuant to Rule 12(f).

## III. Motion to Dismiss Count V and Strike Prayers for Relief for Punitive Damages as to Counts I through VIII

Count V alleges a cause of action for punitive damages. Defendant argues that punitive damages are not pled as a separate claim under Illinois law but rather are requested in a prayer for relief. Under Illinois law, a claim for punitive damages is not a separate claim. Thus, the motion to dismiss Count V is granted.

Defendant further moves to strike all prayers for relief for punitive damages contained in Counts I -VIII. EMTALA expressly adopts state law as to what damages are recoverable for a plaintiff. A person injured by a violation of EMTALA may "obtain those damages available for personal injury under the law of the state in which the hospital is located . . . " 42 U.S.C. 1395 dd (d)(2)(A). Since Illinois law prohibits punitive damages in medical, hospital, or other healing art malpractice cases, 735 ILCS 5/2-115, the defendant seeks to strike and dismiss Plaintiff's prayers for relief for punitive damages as to Counts I through VII.

Defendant mistakenly assumes that EMTALA creates a cause of action for medical malpractice. However, EMTALA does not require that the screening procedure or the resulting care satisfy a national or community standard of care. It simply prohibits disparate treatment in hospital emergency rooms. Brooks v. Maryland General Hospital, Inc., 996 F.2d 708, 713 (4th Cir. 1993). Hospitals must provide, to anyone presented for treatment, an appropriate medical screening to determine whether or not an emergency medical condition exits and must stabilize the condition or, if medically warranted, transfer the person to another facility if the benefits of transfer outweigh its risks. State limitations on medical malpractice damages, such as Section 2-115, are inapplicable to EMTALA claims because such claims allege that a health care provider breached a standard of care. See Brooks, 996 F.2d at 713.

Section 2-115 does not bar punitive damages in the instant case. However, our analysis of Illinois law finds that a different provision–735 ILCS 5/2-604.1–bars a prayer for relief from seeking punitive damages for all actions based on negligence. While Section 2-604.1 does not prohibit a prayer for relief for actions based on intentional torts or strict liability, Illinois courts have interpreted it to restrict punitive damages in all complaints based, *even in part*, on negligence. McCann v. Presswood, Ill.App.3d 1068, 721 N.E.2d 811 (Ill.App. 4 Dist. 1999). Since this complaint is based in part on negligence, the motion to strike the prayer for relief seeking punitive damages in Counts I through VIII is granted.

## CONCLUSION

Plaintiff alleges several causes of action for the same wrong: the violation of federal and state statutes which require hospitals to screen patients presenting emergency medical conditions. The complaint should be consolidated to remove the redundant counts and to focus the dispute on the central allegation of wrongdoing. Counts I, IV, V, VI and VIII are therefore dismissed. The lawsuit may proceed with the following counts: Count II– negligence per se; Count III–strict

liability; and Count VII–state law negligence per se.

In addition, all claims for punitive damages are dismissed until further order of the Court.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 24, 2003